IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Natasha Nicole Sherbert, | ) | |
| | ) | |
| | ) | Civil Action No.: 5:20-cv-01261-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Kilolo Kijakazi,[1] Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 23.) The Report addresses Plaintiff's claim for Disability Insurance Benefits ("DIB"). (*Id.* at 1.) The Report recommends that the court reverse the decision of the Commissioner of Social Security Administration ("Commissioner") and remand the matter for further administrative proceedings. (*Id.* at 18.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for further administrative proceedings action pursuant to sentence four of 42 U.S.C. § 405(g) consistent with this order.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action is required to continue this suit under the last sentence of 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-13.) As brief background, on April 11, 2019, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claims for DIB. (ECF No. 12-1 at 17.)

The ALJ determined Plaintiff had the severe impairments of "degenerative disc disease, Hirschprung's disease, status post multiple surgeries, carpal tunnel syndrome, affective disorder and anxiety. migraine headaches, obesity, depression, and posttraumatic stress disorder [.]" (*Id.* at 25.) The ALJ found Plaintiff had the following RFC:

> [to] perform light work as defined in 20 CFR 404.1567(b) except that she could never climb ladders/ropes/scaffolds; could never work around hazards, unprotected heights and moving machinery; could occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; could frequently perform fingering and feeling; and had to avoid concentrated exposure to temperature extremes, humidity and vibration. She could do simple one-step and two-step tasks with a reasoning level of 3, performed on a sustained basis for eight hours a day, five days a week in two-hour increments with normal breaks for an eight-hour workday.

(*Id.* at 26-27.) Thereafter the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 6-8.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on April 2, 2020. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report suggesting this case be reversed and remanded. (ECF No. 23.) In particular, the Magistrate Judge observed the ALJ failed to "evaluate the impact of Plaintiff's ileostomy bag and her need for frequent bathroom breaks" in his RFC

determination. (*Id*. at 24). The Magistrate Judge remarked that while the ALJ had acknowledged Plaintiff's hearing testimony that she "has to change or monitor the ostomy bag two times [a] week and empty it 9-10 times a day," (*Id*.)  he had not considered the impact of these frequent interruptions on Plaintiff's RFC (*Id*. at 24-25.) The ALJ's final RFC determination indicated Plaintiff could "perform simple tasks 'on a sustained basis for eight hours a day, five days a week in two-hour increments *with normal breaks* for an eight-hour workday.'" (*Id*. at 25 (citing ECF No. 12-1 at 27).) The Magistrate Judge noted that in *Dowling v. Comm'r of Soc. Sec. Admin.*, the United States Court of Appeals for the Fourth Circuit recently held that remand was necessary under similar factual circumstances where the ALJ had failed to account for a claimant's need to "work near a restroom and take frequent bathroom breaks." (ECF No. 23 at 25 (citing *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377 (4th Cir. 2021).) The Magistrate Judge recommended remand to allow the ALJ to re-assess Plaintiff's RFC considering her ileostomy bag and need for frequent bathroom breaks. The parties were apprised of their opportunity to file specific objections to the Report. (ECF No. 23-1.) On May 14, 2021, the Commissioner informed the court he would not offer objections. (ECF No. 24.) Plaintiff has similarly not objected to the Report. The Magistrate Judge recommended that the case be remanded for further administrative proceedings. (ECF No. 23 at 29.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of

those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 23 at 17-21.) The Commissioner notified the court he will not file objections (ECF No. 24) and Plaintiff has likewise offered no objections. The court discerns no clear error on the face of the Report. Accordingly, the court adopts the Report herein.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 23) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g) consistent with this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 27, 2021
Columbia, South Carolina